IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD ROY GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-207-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronald Roy Gray, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On July 11, 2006, a jury found petitioner guilty of indecency with a child younger than 17 years of age in the 355th Judicial District Court of Hood County, Texas, and assessed his

punishment at 20 years' confinement. (01State Habeas R. at 20) Petitioner did not directly appeal his conviction.

In a letter to the trial court dated May 17, 2007, petitioner indicated that he had not heard from his court-appointed appellate counsel and requested counsel's name be provided to him. (Resp't Preliminary Resp., Ex. A) In response to the letter, the trial court sent a letter to petitioner advising him that no appeal was taken in his case. (*Id.*) Prison mail records reflect the letter was delivered to petitioner on May 29, 2007. (*Id.*, Ex. B) Thereafter, petitioner filed a state postconviction habeas application on March 5, 2008, which was denied by the Texas Court of Criminal Appeals without written order on May 7, 2008. (01State Habeas R. at cover, 4) Petitioner filed a second state habeas application on May 6, 2009, which was dismissed as successive by the Texas Court of Criminal Appeals on July 15, 2009. (02State Habeas R. at cover, 3) *Ex parte Gray*, Application Nos. WR-69,664-01 & -02.

This federal petition was filed on March 23, 2010, in which petitioner claims he received ineffective assistance of trial counsel based on counsel's failure to file a notice of appeal on his behalf after telling petitioner "not to worry, I will take

care of it."[1]  (Pet. at 7)  Respondent contends the petition is untimely.  Petitioner claims he is not attacking his 2006 conviction but, instead, seeks review of the denial of his right to appeal.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[1] Petitioner does not indicate on his petition the date he placed the document in the prison mail system, however he does indicate he "executed" the petition on March 23, 2010.  For purposes of this opinion, petitioner's petition is deemed filed on that date.

3

review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Allowing the benefit of the doubt to petitioner, at the latest, under § 2244(d)(1)(D), he could have discovered the factual predicate of his claim on May 29, 2007, the date he received notice from the trial court that no appeal had been taken in his case. Thus, the statute of limitations began on May 29, 2007, and expired one year later on May 29, 2008, absent any applicable tolling.

Petitioner's first state habeas application tolled the limitations period under § 2244(d)(2) for 63 days, making petitioner's federal petition due on or before July 31, 2008. His second state habeas application filed on May 6, 2009, after limitations had expired, did not operate to further toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner

4 

review; or

...

review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Allowing the benefit of the doubt to petitioner, at the latest, under § 2244(d)(1)(D), he could have discovered the factual predicate of his claim on May 29, 2007, the date he received notice from the trial court that no appeal had been taken in his case. Thus, the statute of limitations began on May 29, 2007, and expired one year later on May 29, 2008, absent any applicable tolling.

Petitioner's first state habeas application tolled the limitations period under § 2244(d)(2) for 63 days, making petitioner's federal petition due on or before July 31, 2008. His second state habeas application filed on May 6, 2009, after limitations had expired, did not operate to further toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner

alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was actively misled by the state, that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, or that petitioner could not have contacted his attorney or the state court in order to learn the status of an appeal sooner. Furthermore, the lengthy delays between petitioner's state habeas applications and his federal petition, when he had no petition pending, mitigates against a finding that petitioner acted with due diligence in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before July 31, 2008, therefore his petition filed on March 23, 2010, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases


alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was actively misled by the state, that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, or that petitioner could not have contacted his attorney or the state court in order to learn the status of an appeal sooner. Furthermore, the lengthy delays between petitioner's state habeas applications and his federal petition, when he had no petition pending, mitigates against a finding that petitioner acted with due diligence in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before July 31, 2008, therefore his petition filed on March 23, 2010, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 14, 2010.

_____
JOHN McBRYDE
United States District Judge